UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

KETURAH TAWANA MIXON,

          Debtor.

Case No. 22-01931-swd
Chapter 7
Hon. Scott W. Dales

_____/

KETURAH MIXON,

          Plaintiff,

v.

BANK OF AMERICA, N.A., TROTT LAW,
P.C., PLUNKETT COONEY, LISA A.
HALL, KELLI L. BAKER, and
MICHELLE K. CLARK,

          Defendants.

Adv. Pro. No. 25-80008

_____/

## MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

Shortly after the court denied *pro se* chapter 7 debtor Keturah Tawana Mixon's emergency motion for a temporary restraining order or preliminary injunction to stop a foreclosure sale of her residence (ECF No. 108, the "First Motion"), she filed another motion seeking similar relief, albeit on different grounds. *See* Debtor's Emergency Motion with Brief in Support to Request to Honorable Judge Dales to Enter a Temporary Restraining Order, and to Issue a Preliminary Injunction to Stop a Foreclosure Sale, Pending the Outcome of the Concurrently Filed Complaint for an Adversary Proceeding (Base Case ECF No. 112, the "Second Motion"). The First Motion and the Second Motion each seek to enjoin a foreclosure sale that is evidently scheduled to take

place on February 13, 2025, at the behest of the mortgage lender, Bank of America, N.A. (the "Bank").[1]

The court will ignore the fact that Mrs. Mixon filed the Second Motion in her base case, rather than the above-captioned adversary proceeding, and for the sake of the record will simply direct the Clerk to enter a copy of the Second Motion in the adversary proceeding docket, addressing it as if it were filed in the correct docket. Fed. R. Bankr. P. 9005. The Second Motion, after all, seeks preliminary injunctive relief pending the outcome of the adversary proceeding.

In addition, in light of today's decision, the court will ignore the defect in serving the Second Motion by electronic mail rather than more formally, given the commencement of this adversary proceeding. It is likely that the Bank received notice in the Base Case through the court's CM/ECF system, and the Bank will not suffer from today's decision for the reasons set forth below.

As the Honorable Robert J. Jonker recently observed, a plaintiff who seeks a temporary restraining order ("TRO") or preliminary injunctive relief "bears a heavy burden." *Gresham v. Awomolo*, No. 1:24-CV-242, 2024 WL 5134649, at *1 (W.D. Mich. Dec. 17, 2024). A trial court should grant this "extraordinary remedy" only if the movant carries the heavy burden of proving that "the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Under well-established precedent, the court considers:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

---

[1] The court sees no point in putting the Bank or its agents to the expense of responding to the Second Motion and believes that Mrs. Mixon deserves a prompt ruling to permit her and her family to arrange their affairs.

*Overstreet*, 305 F.3d at 573.  No single factor is dispositive; instead, the court balances each before granting or withholding relief.  *Id*. Injunctive relief lies within the court's discretion.  *Id*. (citing *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001)).

The court is familiar with this dispute from prior filings in Mrs. Mixon's base case and from consulting the docket in *Bank of America, N.A. v. Mixon*, No. 1:21-cv-00430-JTN-SJB (W.D. Mich.) (the "District Court Action"), including the Stipulation and Order (ECF No. 185 in the District Court Action), which the Honorable Janet T. Neff signed and upheld over Mrs. Mixon's objections.  More specifically, Judge Neff last year rejected Mrs. Mixon's argument that the Bank did not make the first payment under the Stipulation or that the involvement of the Bank's agents (Plunkett Cooney, PC, Kelli L. Baker, Trott Law, P.C., or Michelle K. Clark) somehow undermined the agreement.  *See* Order dated April 8, 2024 (ECF No. 182, denying Mrs. Mixon's motions, ECF Nos. 170, 171, 176, 178, all entries within the District Court Action).  Judge Neff held the settlement enforceable over these objections.  Indeed, the Honorable Sally J. Berens last week rejected Mrs. Mixon's nearly identical arguments in the Order dated Jan. 16, 2025 (ECF No. 187 in the District Court Action, the "Jan. 16 Order").

From the foregoing, the court concludes that Mrs. Mixon cannot show a likelihood of success on the merits of her claims in the adversary proceeding—claims premised on the argument that the Bank breached the Stipulation, and that the Stipulation is not enforceable.  The bankruptcy court does not sit in review of the decisions of the United States District Court, and even if it did, well-settled preclusion doctrines likely doom Mrs. Mixon's request to undo the effect of the Stipulation and Order through which she authorized the Bank to commence foreclosure proceedings.  The court reads Judge Neff's Order dated April 8, 2024, as rejecting Mrs. Mixon's contention that the Bank breached the settlement by remitting the first payment either to the United

States (in the related criminal proceedings) and the chapter 7 trustee in Mrs. Mixon's base case. If Mrs. Mixon regarded that order as erroneous, her recourse was a prompt, direct appeal to the Sixth Circuit, not a belated, collateral attack in the bankruptcy court.

Second, the court does not doubt that harm to Mrs. Mixon and her family will eventually follow from the imminent foreclosure and eviction, but she bargained for that harm and has already received the benefit of substantial funds derived from her settlement with the Bank (through the reduction of her non-dischargeable restitution obligation under 11 U.S.C. § 523(a)(13) that flows from the chapter 7 trustee's distribution under § 726). The second factor points in her favor, but without much force.

Third, the injunction would harm the Bank, an entity whose access to its own collateral has been frustrated for many years by Mrs. Mixon and her husband. This factor weighs strongly against granting injunctive relief.

The fourth factor—the public's interest in the injunction—certainly does not favor Mrs. Mixon. The public has an interest in the orderly administration of justice, including the obeyance of orders of the United States District Court. The court sees no public interest in rewarding Mrs. Mixon's end run around Judge Berens's Jan. 16 Order or Judge Neff's order before that—when a disappointed litigant plays one court off another, the public interest suffers.[2]

Moreover, in ruling on the Bank's motion for relief from the automatic stay two years ago, the court authorized Mrs. Mixon and the Bank to resolve in the United States District Court their dispute regarding foreclosure and the Bank's interest in the residence, which they ultimately did.

---

[2] In recent filings seeking to stay the foreclosure, Mrs. Mixon sought relief in this court by filing the First Motion on Jan. 14, 2025, which the court denied on Jan. 15, 2025 (Base Case ECF No. 109). Undaunted, she filed for the same relief with the United States District Court on January 16, 2025, which that court denied the same day. (ECF No. 187 in the District Court Action). On January 21, 2025, she again sought to stay the foreclosure by filing the Second Motion in this court. (Base Case ECF No. 112). Each request wastes scarce judicial (*i.e.*, public) resources.

*See* Memorandum of Decision and Order dated Jan. 12, 2023 (Base Case ECF No. 43) at p. 3 ("More generally, this court has never conducted a real estate foreclosure; instead, upon a proper showing, the court typically grants stay relief and leaves the parties to non-bankruptcy remedies (such as non-judicial foreclosure) or other tribunals with undoubted authority to grant, or withhold, relief in a judicial foreclosure action.").  The Second Motion offers no reason to revisit that ruling or the court's typical practice, and the court will regard as abusive any additional requests to stay the foreclosure from Mrs. Mixon or those acting in concert or participation with her.

Irrespective of whether the court treats the Second Motion as seeking a TRO or preliminary injunction, the same analysis applies and leads the court, in its discretion, to deny the relief requested.

Finally, the court has considered Mrs. Mixon's other arguments and finds them without merit.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk shall enter a copy of the Second Motion (Base Case ECF No. 112) in the adversary proceeding docket.

IT IS FURTHER ORDERED that the Second Motion is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mrs. Mixon (by first class U.S. Mail), Thomas C. Richardson, Esq., chapter 7 Trustee, Bank of America, N.A., the United States Trustee, the United States of America, and all parties requesting notice of these proceedings, and transmit a courtesy copy to the Hon. Sally J. Berens.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 23, 2025**



_____
Scott W. Dales
United States Bankruptcy Judge