UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

KETURAH TAWANA MIXON,

          Debtor.

_____/

Case No. 22-01931-swd
Chapter 7
Hon. Scott W. Dales

KETURAH MIXON,

          Plaintiff,

v.

BANK OF AMERICA, N.A., TROTT LAW,
P.C., PLUNKETT COONEY, LISA A.
HALL, KELLI L. BAKER, and
MICHELLE K. CLARK,

          Defendants.

_____/

Adv. Pro. No. 25-80008

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                 Chief United States Bankruptcy Judge

Rather than answer plaintiff Keturah Mixon's complaint (the "Complaint," ECF No. 1), defendants Bank of America N.A. ("BANA"), Trott Law, P.C., Plunkett Cooney, Lisa A. Hall, Kelli L. Baker, and Michelle K. Clark ("Defendants") filed Defendants' Joint Motion to Dismiss Plaintiff's Adversary Complaint in Lieu of Answer (the "Motion," ECF No. 8). The Complaint is just the latest of Mrs. Mixon's many legal maneuvers used, with seeming success over many years, to maintain ownership of her residence, located in Battle Creek, Michigan.

In view of several rulings against her in the United States District and Bankruptcy Courts, however, the Motion demonstrates Defendants' entitlement to dismissal under well-settled preclusion doctrines. The dismissal will render it unnecessary to consider Mrs. Mixon's recent request for emergency injunctive relief.

The Motion raises several grounds for dismissal, primarily under Fed. R. Civ. P. 12(b)(6) -- failure to state a claim upon which relief can be granted, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012.[1]  The court will consider this Motion without any additional matters not referred to in the pleadings, avoiding the need to treat it as a summary judgment motion under Rule 56.  *See* Fed. R. Civ. P. 12(d) (court must treat a motion under Rule 12(b)(6) or 12(c) as one for summary judgment if "matters outside the pleadings are presented to and not excluded by the court").

More specifically, the Defendants seek dismissal for: (1) failure to effectuate service of process, (2) improper venue, (3) failure to state a claim upon which relief can be granted, and (4) claim preclusion (for fraud, emotional distress, and harassment).  In their strongest argument, the Defendants assert that the *res judicata* effect of a final order approving a settlement of BANA's quiet title action in the United States District Court bars Mrs. Mixon from trying to quiet title to her residence free of BANA's mortgage in this adversary proceeding -- contrary to the court-approved settlement.  The court agrees with the *res judicata* argument, which, along with the doctrine of collateral estoppel, serve as the basis for granting the Motion.

Through her Complaint, which she mostly styles as a request to quiet title,[2] Mrs. Mixon seeks to avoid the consequences of last year's final settlement (the "Settlement") of BANA's own quiet title action in the United States District Court under the caption *Bank of America, N.A. v. Mixon*, Case No. 1:21-cv-00430 (W.D. Mich.) (the "Quiet Title Action").

The Mixons and BANA placed the Settlement on the record in May 2023, and the Hon. Janet T. Neff approved it by entering the Stipulation and Order on April 25, 2024 (ECF No. 185 in the Quiet Title Action), after some procedural skirmishing and an evidentiary hearing.  The Mixons did not appeal from the Stipulation and Order, which Judge Neff described as "final order" that "disposes of the case." *Id*.

In a nutshell, Mr. and Mrs. Mixon agreed to allow BANA to pursue non-judicial foreclosure, they waived redemption and appellate rights and defenses to eviction, and agreed to relinquish the property to BANA in "broom clean" condition, in exchange for specified, staged payments from BANA.  Mrs. Mixon refers to the Settlement in her Complaint, particularly

---

[1] Because most of the Federal Rules of Civil Procedure apply in adversary proceedings (per Part VII of the Federal Rules of Bankruptcy Procedure) the court will refer to any federal rule of procedure in the text of this opinion simply as "Rule___," relying on the numbering conventions within the rulesets to signal the intended rule.

[2] Additionally, the Complaint makes several allegations of fraud and misconduct, which are addressed below.

BANA's right to foreclose (the Complaint, ¶ 21),[3] yet she fails to raise any new arguments or facts that are separate from the previous proceedings and not addressed in the Settlement or orders from the United States District Court enforcing the Settlement.  Consequently, the Defendants properly assert that the Complaint is barred under *res judicata* because the court-approved Settlement has already resolved the competing claims to the residence.[4] The "thing" is "adjudicated."

*Res judicata* bars "parties or their privies" from relitigating issues that were established in a final judgment on the merits, if the issues "were or could have been raised in that action." *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 805 F.3d 701, 708 (6th Cir. 2015). The requirements for *res judicata* in Michigan state law and federal law are essentially equivalent.[5] In both instances, the party asserting *res judicata* carries the burden of proving each element. *Autumn Wind Lending, LLC v. Est. of Siegel by & through Cecelia Fin. Mgmt., LLC*, 92 F.4th 630, 634 (6th Cir. 2024).

The Defendants meet this burden by properly pointing to the Settlement between Mrs. Mixon and BANA, which disposed of the claims she continues to assert in her present Complaint. After Mrs. Mixon attempted to nullify the Settlement in the District Court proceeding, Judge Neff nevertheless rejected the challenge (after an evidentiary hearing) and expressly ruled that the Settlement was binding on Mrs. Mixon (1:21-cv-00430 ECF No. 182).  When Mrs. Mixon, who failed to seek review of Judge Neff's rulings, later launched a collateral attack on the Settlement in her bankruptcy proceeding, this court rejected the effort, implicating the law of the case doctrine.[6]

---

[3] Because the Complaint refers to the Settlement, the court may consider it (and related documents) under Rule 12(b)(6) without converting the Motion under Rule 12(d).  *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009) ("When a court considers matters outside the pleadings in a Rule 12(b)(6) motion, Rule 12(d) requires that 'the motion must be treated as one for summary judgment under Rule 56'") and *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (describing review standards as "a court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint…' without converting the motion… to… summary judgment").

[4] A settlement agreement will have a claim preclusion effect if it is clear that was the parties' intention.  *See Arizona v. California*, 530 U.S. 392, 414, 120 S. Ct. 2304, 2319 (2000) (consent agreements ordinarily are intended to preclude any further litigation on claim presented).

[5] Although the current matter involves the preclusive effect of an earlier federal judgment, Michigan law similarly prevents subsequent litigation from the same cause of action, if: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first."  *Adair v. State*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (2004).

[6] The court interpreted the Settlement as authorizing BANA to enforce its mortgage against the residence through non-judicial foreclosure. *See* Order dated Jan. 15, 2025 (Base Case ECF No. 109); *see also* Memorandum of Decision and Order dated Jan. 23, 2025 (ECF No. 4).

Mrs. Mixon filed Plaintiff's Objections and Response in Opposition to Defendants' Joint Motion to Dismiss (ECF No. 15) but failed to address the Defendants' arguments in their Motion, contending only that the Motion is premature because she has not yet served the summons and Complaint.  The court finds this point irrelevant – in effect Mrs. Mixon is raising her own delays in service as a defense to dismissal.  Although Mrs. Mixon properly points out that the Defendants' service-related defenses are premature,[7] such defenses belong to the defending parties, not the plaintiff. She has offered no significant response to the Motion. Thus, Plaintiff's attempt to quiet title contrary to the Settlement (as approved by Judge Neff) is barred by *res judicata*, and the controversy inspiring the Complaint is resolved.

The Motion also asserts that the Complaint was brought in an improper venue, given this court lifted the automatic stay in the Plaintiff's bankruptcy proceeding, allowing the foreclosure and quiet title litigation to take place in a different court.  The court agrees that, after entry of the Memorandum of Decision and Order dated Jan. 12, 2023 (Base Case ECF No. 43), it ceded authority over the dispute to the United States District Court, and therefore considers the Defendants' venue arguments under the same *res judicata* analysis described above. The Settlement quieted title to the property and there is no reason or authority for this court to reconsider Judge Neff's final order approving it or otherwise revisit the court's own order granting relief from the automatic stay in the base case. The District Court exercised its concurrent jurisdiction and this bankruptcy court, having lifted the automatic stay for that purpose, must respect the earlier decision.

The Defendants' final arguments -- failure to state a claim upon which relief can be granted and claim preclusion -- share an overlapping nexus, the dispute over Mrs. Mixon's residence.  Mrs. Mixon's claims alleging fraud (regardless of the heightened pleading requirement under Rule 9(b)) as well as harassment and emotional distress, are all premised on the now-precluded argument that BANA and its agents misrepresented the lender's interest in Mrs. Mixon's residence.  (ECF No. 1, ¶ 21, 27, 28, and 32). The court cannot grant relief on these claims (assuming, *arguendo*, Mrs.

---

[7] To the extent the Defendants seek dismissal based on Mrs. Mixon's failure to serve the summons and Complaint, the court rejects the defense as premature under Rule 4(m), which gives a plaintiff at least 90 days to effect service. *See* Fed. R. Civ. P. 4(m) (applicable here under Fed. R. Bankr. P. 7004(a); *cf. King v. Taylor*, 694 F.3d 650, 661 (6th Cir. 2012) ("given that a plaintiff has 120 [now 90] days to serve the defendant… a motion to dismiss on the basis of improper service made during the period for service may properly be denied as premature").  Regardless of the timing in this case, however, the Plaintiff's failure to serve the summons and Complaint is not a defense to dismissal on merits-related grounds.  Defendants, not plaintiffs, may assert or waive service-related defenses. *See* Fed. R. Civ. P. 12(h)(1) (certain defenses waived if defendant fails to properly assert them).

Mixon pled them appropriately under Rules 8 and 9) without ignoring the preclusive effect of the Settlement and the District Court's approval and enforcement of that agreement.

Under collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). The Complaint attempts to re-litigate BANA's interest in the residence, falling well within the issue preclusion doctrine. By authorizing BANA to exercise its rights as mortgagee, the parties necessarily intended to recognize BANA's interest in the residence. There is no principled way to read the Settlement as preserving Mrs. Mixon's challenge to BANA's interest in the property. The District Court's final order approving the Settlement precludes Mrs. Mixon, under collateral estoppel, from litigating these issues in any subsequent proceeding, including the present case.

The court also acknowledges Mrs. Mixon's own motion (ECF No. 14) requesting relief from the Defendants' alleged mail fraud, wire fraud, etc. -- matters not embraced within the Complaint. Because the court has determined to address the Defendants' motion first, and grant it, the dismissal of Mrs. Mixon's current version of the Complaint obviates the need to address her own motion for injunctive relief pending a decision on the merits under Rule 65. And, although courts typically grant leave to replead when granting a Rule 12(b)(6) motion, such leniency does not apply where, as here, amendment would be futile. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) ("courts need not give leave to amend when doing so would be futile"). Mrs. Mixon's title-related claims have been definitively resolved against her, and the more recent claims of misconduct, to the extent not barred by issue preclusion, arose post-petition, have no conceivable effect on the bankruptcy estate or bankruptcy case, and fall outside the court's subject matter jurisdiction. *See In re Rivera*, 379 B.R. 728, 731 (Bankr. N.D. Ohio 2007) (The bankruptcy court lacked jurisdiction over the debtor's tort claim because it arose post-petition, and therefore was not in their estate). Even if the court had subject matter jurisdiction, it would abstain from exercising it because Mrs. Mixon has received her discharge and the chapter 7 trustee has filed his Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged (Base Case ECF No. 116). The court's role in this dispute has reached its conclusion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 8) is GRANTED and the Clerk shall enter a separate judgment dismissing the Complaint with prejudice.

IT IS FURTHER ORDERED that the Plaintiff's motion for injunctive relief (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mrs. Mixon (by first class U.S. Mail), Thomas C. Richardson, Esq., chapter 7 Trustee, the Defendants, the United States Trustee, and all parties requesting notice of these proceedings, and transmit a courtesy copy to the Hon. Sally J. Berens.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 10, 2025**



Scott W. Dales
United States Bankruptcy Judge